UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERT BERNARD** | **CIVIL ACTION NO. 6:11-cv-0747** |
| **LA. DOC #118658** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

*Pro se* petitioner, Albert Bernard, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on May 13, 2011.[1] Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner attacks his 2005 convictions for aggravated rape, imposed by the Sixteenth Judicial District Court for Iberia Parish, Louisiana, for which he was sentenced to serve consecutive life sentences.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Based on the court's review of the pleadings, **IT IS RECOMMENDED** that the instant petition be summarily **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] The instant petition is undated. However, the pleading was mailed on May 13, 2011, and received and filed by the Clerk of this Court on May 16, 2011. Accordingly, the undersigned has given petitioner the benefit of the "mailbox rule."

## STATEMENT OF THE CASE

Petitioner was convicted of two counts of aggravated rape on January 25, 2005, for which, on March 21, 2005, he was sentenced to serve consecutive life sentences. Petitioner directly appealed his convictions to the Louisiana Third Circuit Court of Appeals raising two claims for relief: (1) "The District Court denied [petitioner] his right of confrontation when it admitted the hearsay account of a victim who did not testify"; and (2) "The State failed to present sufficient evidence to support either conviction." [Doc. 8, p. 8].

On February 1, 2006, petitioner's convictions and sentences were affirmed in an unpublished opinion. *State of Louisiana v. Albert Bernard*, 2005-KA-00890, 924 So.2d 517 (La. App. 3 Cir. 2/1/2006). [Doc. 8, pp. 16-30].

Petitioner, proceeding *pro se*, submitted his appeal brief to the Louisiana Supreme Court seeking further direct review. The writ application was received and filed in the Louisiana Supreme Court on May 1, 2006; however, it was post-marked or "metered" on March 23, 2006. [Doc. 8, p. 32]. On November 3, 2006, petitioner's application for writ of *certiorari* was denied without comment. *State of Louisiana v. Albert Bernard*, 2006-KO-0990, 940 So.2d 655 (La. 11/3/2006). Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶6(d)]

While his writ application remained pending, on March 3, 2006, petitioner filed a *pro se* application for post-conviction relief in the Sixteenth Judicial District Court. [Doc. 8, pp. 35 and 48]. Petitioner raised several claims for relief, including claims that he was denied his

right to effective assistance of counsel when trial counsel "failed to conduct pre-trial investigation, subpoena witnesses and obtain certain evidence/documents" and failed to object when "the District Attorney made an indirect reference to petitioner's failure to testify." [Doc. 8, p. 37]. The district court denied post-conviction relief on May 15, 2007. [Doc. 8, pp. 50-55].

On December 10, 2008, petitioner sought review in the Louisiana Third Circuit Court of Appeal. On May 13, 2009, the Third Circuit Found "no error in the trial court's denial of . . . post-conviction relief." Accordingly, notice of judgment was mailed to petitioner that same date. [Doc. 8, p. 56, *State v. Albert Bernard*, 08-KH-01503 (La. App. 3rd Cir. 2009)].

Petitioner's application for writs was received and filed in the Louisiana Supreme Court on July 10, 2009; the application was metered on June 19, 2009. [Doc. 8, p. 57]. Petitioner's writ application was granted in part[2] and otherwise denied by the Louisiana Supreme Court on June 4, 2010. *State of Louisiana v. Albert Bernard*, 2009-1552, 35 So.2d 1082 (La. 6/4/2010).

---

[2] Although it appears that petitioner filed his writ application beyond the 30-day deadline established by Louisiana Supreme Court Rule X, § 5(a), it also appears that the Louisiana Supreme Court addressed the merits of at least one of his claims. The Court observed that petitioner "identified with reasonable specificity that his constitutional claims relating to alleged errors during *voir dire* might entitle him to post conviction relief. Therefore, he has demonstrated a 'particularized need' for a transcript of the *voir dire* and the district court is thus ordered to produce those documents free of charge [citation omitted] and then afford relator reasonable time to supplement his post-conviction application with support from the record for his underlying claims. In all other respect the application is denied." *State of Louisiana v. Albert Bernard*, 2009-1552 (La. 6/4/2010), 35 So.2d 1082. Accordingly, the undersigned will not analyze whether petitioner's claims are barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d) or technically procedurally defaulted. However, there is a viable argument that petitioner's claims are in fact, untimely and procedurally barred

In the instant federal *habeas corpus* petition, petitioner argues two claims which he asserted during state post-conviction proceedings – that he received ineffective assistance of counsel because his attorney (1) failed to conduct an adequate pre-trial investigation and subpoena alibi witnesses for the petitioner; and, (2) failed to object when, during his rebuttal argument, the prosecutor made reference to petitioner's failure to testify.

## LAW AND ANALYSIS

*Rule 4 Consideration*

Rule 4 of the Rules Governing § 2254 Cases authorizes the district court to examine and dismiss non-meritorious and frivolous *habeas corpus* petitions. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Thus, it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.[3] *Kiser*, 163 F.3d at 328.

Furthermore, in *habeas corpus* proceedings, federal courts do not accept "notice" pleading, the "petition should set out substantive facts that will enable the court to see a real possibility of constitutional error. *Habeas corpus* is not a general form of relief for those who seek to explore their case in search of its existence." *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970); Rule 4 of the Rules Governing § 2254 Cases, Advisory

---

[3] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." The Advisory Committee Notes following Rule 4 state that " it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

4

Committee Notes *quoting Aubut, supra*.[4] Review of the instant petition plainly establishes that petitioner is not entitled to relief. Accordingly, the petition should be dismissed with prejudice pursuant to Rule 4 for the reasons that follow.

**Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. The court's scrutiny is "highly deferential" and the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689-90.

*Strickland'*s prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[5] A reasonable probability is a probability sufficient to

---

[4] The Advisory Committee Notes following Rule 4 state that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."

[5] The *Strickland* court outlined the extent of prejudice that must be established by the defendant:
>An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. *Cf. United States .v Morrison,* 449 U.S. 361, 364-65 (1981).

undermine confidence in the outcome." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) *citing Strickland,* 104 S.Ct. at 2068. However, self serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland's* prejudice element." *Id.*

"A defendant in a *habeas corpus* proceeding has the burden to demonstrate his counsel's ineffectiveness and resultant prejudice." *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993). "Failure to make both showings is fatal to a defendant's claim of ineffective assistance of counsel." *Id.*

## I. *Failure to Investigate and Subpoena Alibi Witnesses*

Petitioner raised the substance of his first claim for relief in his state application for post-conviction relief. He alleged then, as now, that his counsel failed to conduct an adequate pretrial investigation because "there were witnesses that he [petitioner] informed his attorney who would be willing to come forward and testify to his alibi on the date in which the alleged crimes occurred. Had counsel interviewed the witnesses that petitioner referred to and subpoenaed them for trial, there is a strong possibility that

---

> Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.
>
> When a defendant challenges a conviction , the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691-692.

petitioner would not have been found guilty based on the evidence presented by the prosecution." [Doc. 8, pp. 40-41]. Accordingly, petitioner alleged that the outcome of his case would have been different had counsel "presented [these] witnesses to verify that his client was not present when the alleged crimes occurred." [Doc. 8, pg. 42].

In denying this claim, the District Court found as follows, "Applicant has furnished no evidence to this Court to support the contention that any witnesses would have testified on his behalf . . . In view of same, this Court cannot find that counsel for Applicant was ineffective in conducting pre-trial investigation, especially in view of the fact that Applicant has failed to provide the Court with any proof that any exculpatory witnesses existed which the Applicant's attorney failed to interview and/or subpoena to trial." [Doc. 8, p. 53].

In his application for post-conviction relief, petitioner did not identify the alleged alibi witnesses that would have provided evidence to establish that petitioner was elsewhere when the crimes were committed. As was the case in the state court proceedings, in the instant petition for federal *habeas corpus* relief, petitioner again does not identify any alleged alibi witnesses, who his counsel should have called, but did not.

Complaints of uncalled witnesses are not favored in federal *habeas corpus* review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of the content of a prospective witness' testimony are largely speculative. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) *citing Lockhart v. McCotter,* 782

F.2d 1275, 1282 (5th Cir. 1986), *Marler v. Blackburn,* 777 F.2d 1007, 1010 (5th Cir. 1985), *Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir. 1984), *United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983), and *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978); *Evans v. Cockrell,* 285 F.3d 370, 377(5th Cir. 2002).  "[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a *habeas* court cannot even begin to apply *Strickland* 's standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance." *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Moreover, where the only evidence of a missing witness's testimony is from the defendant, courts view such claims with great caution.  *Sayre,* 238 F.3d at 636 *citing Lockhart,* 782 F.2d at 1282, *Marler,* 777 F.2d at 1010,  *Murray,* 736 F.2d at 282, *Cockrell,* 720 F.2d at 1427, and *Buckelew* , 575 F.2d at 521.  Thus, "[a] prisoner's bald conclusory assertion that [favorable] witnesses were not called does not serve to 'overcome the strong presumption that his counsel's actions were reasonable.'" *Sayre,* 238 F.3d at 636 citing *Marler,* 777 F.2d at 1010.  Moreover, to demonstrate the requisite *Strickland* prejudice, the petitioner must show not only that the witness' testimony would have been favorable, but also that the witness was available and willing to testify at trial.  *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981).

8

Petitioner failed to meet this standard in his application for post-conviction relief and the State court judge correctly dismissed his initial collateral attack for that reason. Petitioner likewise fails to meet this standard in his current federal petition. Petitioner has not identified, by name, any alibi witnesses, and has failed to make any showing of what the testimony of these mystery witnesses would have been, much less any showing that this testimony would have been favorable to the defense.

Petitioner's mere speculation or assertion that these un-named individuals would have provided an alibi at his trial is insufficient to justify *habeas corpus* relief. In sum, petitioner has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness. He therefore cannot prevail on his ineffective assistance of counsel claim. This conclusion is bolstered, given that the rapes of which petitioner stands convicted occurred on June 13, 1987 and July 17, 1987, and petitioner did not stand trial until 2005.[6] It is doubtful that any credible alibi witnesses would have been able to testify as to petitioner's whereabouts, on two different nights, more than 15 years after the crimes had been committed.

Finally, even if alibi witnesses were available, which petitioner's counsel did not call to testify, petitioner could not demonstrate that he was prejudiced by his counsel's performance. At the trial, the State presented overwhelming scientific evidence of guilt.

---

[6]The record reveals that these crimes remained unsolved, until the crime lab advised police that a "hit" had been made on the Combined DNA Index System in 2002, identifying Bernard as the perpetrator. [Doc. 8, p. 20].

A "hit" had been made on the Combined DNA Index System in 2002, identifying Bernard as the person who committed these rapes. An additional blood sample was obtained from petitioner, and the samples were "re-worked" to verify the match. After re-working the samples, the State's expert found that Bernard was the source of the DNA extracted in both rape cases, and that the probability that the perpetrator was someone other than Bernard was one in 2.2 trillion. [Doc. 8, pp. 20-21].

Considering the strength of this undisputed scientific evidence, it is highly unlikely that the petitioner could have successfully mounted an alibi defense, rendering the outcome of petitioner's trial different. Petitioner's showing therefore "fall[s] far short of satisfying *Strickland*'s prejudice element."

For these reasons, federal *habeas* relief is not warranted with respect to this claim. Petitioner's claim is clearly without merit and summary dismissal is appropriate.

## *II. Failure to Object to an alleged Indirect Reference to Petitioner's Failure to Testify*

Petitioner also raised the substance of his second claim for relief in his state application for post-conviction relief. In the State court proceeding, petitioner alleged "that during the prosecution's rebuttal argument, the district attorney committed prosecutorial misconduct, by indirectly making reference to petitioner's failure to testify" and that his counsel was ineffective for not objecting and requesting a mistrial "when the district attorney made the indirect reference to petitioner's failure to testify." [Doc. 8, p. 44].

Although he claimed "that the error committed by the district attorney was obvious" [*Id.*, p. 46], petitioner did not identify the allegedly offending statement of the prosecutor in his application for post-conviction relief, to which his attorney should have objected. Accordingly, after reviewing the trial transcript to determine if there had been any reference to petitioner's failure to testify, the District Court denied relief as follows:

> "The Court has reviewed the rebuttal of the District Attorney and can find no improper reference by the District Attorney to Mr. Bernard's failure to testify. The only question that the District Attorney raised was how did Mr. Bernard's DNA get there? At no time did he allude to Mr. Bernard's failure to take the stand. (Trial Transcript pp. 145-147) (Appellate Record pp. 221-223). The Court finds that the Appellant's argument is without merit. . . ."

[Doc. 8, p. 54].

An attorney's failure to object does not constitute deficient representation unless there is a sound basis for the objection. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir.1997). Stated differently, a futile or "meritless objection cannot be grounds for a finding of deficient performance." *Id.*

Furthermore, even if a sound reason for objection exists, counsel may nonetheless render effective assistance despite a failure to object if the failure is a matter of trial strategy. *See Burnett*, 982 F.2d at 930 (noting that a failure to object may be "a matter of trial strategy as to which [the courts] will not second guess counsel"). Because courts should not second guess an attorney's decision through the distorting lens of hindsight, "a court must indulge a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689.

In this court petitioner contends that the District Attorney improperly "indirectly" referenced his failure to testify "when he [the District Attorney] said how did Mr. Bernard['s] DNA get there. . ." during his closing rebuttal argument. He faults his counsel for failing to object to this statement.

The Fourteenth Amendment forbids comment by the prosecution on the accused's silence. *Griffin v. California*, 380 U.S. 609, 615 (1965). The prosecution is not constitutionally prohibited, however, from commenting on the defense's failure to counter or explain the evidence, as opposed to the defendant's failure to testify. *United States v. Grosz*, 76 F.3d 1318, 1326 (5th Cir. 1996) *citing United States v. Guzman*, 781 F.2d 428, 432 (5th Cir.), *cert. denied*, 475 U.S. 1143, 106 S.Ct. 1798, 90 L.Ed.2d 343 (1986) and *United States v. Bright*, 630 F.2d 804, 825 (5th Cir. 1980). Stated differently, the State "may call to the jury's attention the fact that the defense did not rebut evidence offered by the State." *Jackson v. Johnson,* 194 F.3d 641, 652 (5th Cir. 1999) *citing Grosz,* 76 F.3d at 1326. Accordingly, if the comment was constitutionally permissible, there would have been no sound basis for petitioner's counsel to object.

The test for determining whether the prosecutor's remark was constitutionally impermissible is: "(1) whether the prosecutor's manifest intent was to comment on the

12

defendant's silence or (2) whether the character of the remark was such that the jury would naturally and necessarily construe it as a comment on the defendant's silence." *Grosz,* 76 F.3d at 1326 (citations omitted). As to the first inquiry, the prosecutor's intent is not manifestly impermissible if there is some other, equally plausible explanation for the remark. *Jackson,* 194 F.3d at 652 *citing Grosz,* 76 F.3d at 1326. For the second inquiry, "the question is not whether the jury might or probably would view the challenged remark in this manner, but whether it necessarily would have done so. " *Id*. *citing Grosz,* 76 F.3d at 1326.

In the context of the case, the remark challenged by Bernard clearly focused on the defense's failure to counter or rebut the State's evidence. As such, the comment was not a constitutionally impermissible comment on petitioner's decision not to testify. To prove that Bernard was the perpetrator of the rapes, the State offered scientific evidence that Bernard's DNA matched that found in the rape kits which had been obtained from each of the rape victims. The State was obviously commenting on the fact that Bernard offered nothing to rebut this argument. Under these circumstances, the undersigned cannot conclude that there is no plausible and permissible explanation for the prosecution's comment, or that the jury necessarily viewed this statement as a comment on Jackson's silence. *Jackson*, 194 F.3d at 652-653. As such the remark was constitutionally permissible. Petitioner's representation was therefore not deficient because counsel was not required to lodge a futile objection.

Moreover, even if the comment did implicate the constitution and there would have been a sound basis for objection, petitioner has not overcome the presumption that his attorney's failure to object falls within the wide range of reasonable assistance. An objection during the State's rebuttal argument could have brought greater attention to the complained of remark. Indeed, that is exactly why the Fifth Circuit has noted that "[a] decision not to object to a closing argument is a matter of trial strategy." *Drew v. Collins*, 964 F.2d 411, 423 (5th Cir. 1992). This court will not second guess counsel's tactical decision.

Finally, petitioner has shown no reasonable probability that, but for the failure to object, the result of trial would have been different. As previously noted, the DNA evidence establishing petitioner's guilt was overwhelming. Counsel's failure to object to the prosecutor's rebuttal argument does not therefore undermine confidence in the verdict. Consequently, petitioner has not carried his burden to affirmatively show that he was prejudiced by the failure to object to the alleged indirect comment on his failure to testify.

For these reasons, federal *habeas* relief is not warranted with respect to this claim. Petitioner's claim is clearly without merit and summary dismissal is appropriate.

## CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the instant petition be summarily **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of

the Rules Governing Section 2254 Cases in the United States District Courts.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the**

**memorandum shall be provided to the District Judge at the time of filing.**

  Signed at Lafayette, Louisiana, December 30, 2011.

                        _____
                         C. MICHAEL HILL
                         UNITED STATES MAGISTRATE JUDGE